UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| MADELYN FAVEROS ZUPPARDO<br>*Plaintiff*<br><br>*versus*<br><br>A SERVICE CAB CO, INC.<br>    *Defendant* | CIVIL ACTION CASE NO.<br><br>JUDGE:<br><br>MAG<br><br>SECTION:<br><br>JURY TRIAL REQUESTED |
|---|---|

**COMPLAINT FILED BY WHISTLEBLOWER/EMPLOYEE FOR RETALIATION REPORTING FALSE MEDICAID BILLING CLAIMS ACT VIOLATIONS UNDER 31 U.S.C.A. § 3729, 12 U.S.C. 1347, ET SEQ, 42 U.S.C. 1320A-7(b) et seq UNDER LA. R.S. 42:439.1 THE LOUISIANA MEDICAL ASSISTANCE PROGRAMS INTEGRITY LAW LA. R.S. 46:438.1 ET AL**

NATURE AND ACTION, PARTIES, JURISDICTION AND VENUE

**COUNT I VIOLATION OF 31 U.S.C.A. 3730 (h) RETALIATION FOR WHISTLEBLOWER REPORTING VIOLATIONS OF 31 U.S.C.A 3729(et seq OF THE FEDERAL FALSE CLAIMS ACT FOR MEDICAID AND MEDCARE FRAUDULENT BILLLING**

1.      This is **MADELYN FAVEROS ZUPPARDO**, (hereinafter referred to as **Petitioner or Madelyn Zuppardo),** an employee's action for retaliation for reporting state and federal Medicaid false billing  under the **False Claims Act 31 U.S.C.A. § 3729 et seq**, with pendent claims  for whistleblower protection and causes of action under state law La**. R.S. 46:440.3 and La. R.S. 23:967 et al** arising from reporting illegal acts under state and federal law by  false statements and claims made an presented by the Defendants and /or their agents, employee and

co-conspirators in violation of the **Federal False Claims Act, 31 U.S.C. §3729 et seq. as amended (the FCA")** and **Louisiana False Claims act** for reporting the filing of false Medicare and Medicaid claims**.**   The violations involve false claims made in connection with contracts between **A SERVICE CAB CO, INC. (hereinafter called  "SERVICE CAB")** and the United States  and State of Louisiana knowingly providing false invoices and bills to the **U.S. Government, State of Louisiana** and thru its agents for false transportation invoices submitted and paid for Medicaid and Medicare transportation cab services submitted to  Logisticare and Amerigroup for knowing falsely billing to Louisiana state and federal Medicaid  for Medicaid **SERVICE CAB**  cab/taxi trips that were  either never made,  or from false locations,  made to false destinations and originations,  with Defendant cab driver **Eula Pitts,** cab driver **Katrina Varnado,**  manager **Tommy Zorthian**, all employees of Defendant **A Service Cab Co Inc.** who jointly defrauded the **U.S. Government and State of Louisiana** thru  false bills for cab transportation to Logisticare and Amerigroup for Medicare expenses for taxi rides that were fraudulently made by **Eula Pitts and Katrina Varnado** with the **Defendants**. **Madelyn Zuppardo which were reported** to the U.S. Attorney, the F.B.I. and the State of Louisiana Attorney General these false claims of Service Cab in December 8, 2014 and on January 26, 2015 and other times and dates—before she was terminated. A **SERVICE CAB** knew that it false acts of its employees and its false claims would be presented to the **United States Government** thru its contractors Logisticare  & Amerigroup and the **State of  Louisiana** Medicare/Medicaid programs and false payments would be made by the **United States Government**  and **State of Louisiana** based on Defendants joint false certifications, invoices and practices making by  **SERVICE CAB CO INC.** with full knowledge and scienter of **SERVICE CAB CO INC.** to commit the fraudulent  false acts to defraud state and federal

2

Medicare programs. Petitioner Madeline Zuppardo was then fired for reporting to management at **A SERVICE CAB CO. INC**. and because Defendants believed she reported said violations of federal and state Medicaid and Medicare laws to federal and state law enforcement authorities and was terminated in retaliation for reporting said illegal acts of **A SERVICE CAB CO INC.**

2. Petitioner reported said illegal acts and fraudulent billing of Defendants in December 30, 2015 and February 25, 2015 to United States of America and State of Louisiana, and was terminated on March 6, 2015 due to her reporting illegal acts to law enforcement of the federal and state governments. Petitioner complained to **SERVICE CAB** her employer where she worked as a cab driver for many years of her retaliation and termination as per Exhibit A attached hereto date March 17, 2015 to no avail.

3. The United States of American and State of Louisiana has been harmed by each and every one of these false claims and it entitled to recover damages in accordance with the law.

4. The United States of America and State of Louisiana and its Medicaid and Medicare contractors Logisticare and Americare did not know and could not reasonably have known of Defendants false claims before Petitioner's disclosure to the Governments of the facts material to the cause of action pled in this Complaint.

5. Each of the Defendants violated the **False Claims Act, 31 U.S.C. § 3739 *et seq***. and State Medicaid and Medicare laws and retaliated against the Petitioner by cutting her jobs and terminating her on March 6, 2015.

6. **Madelyn Zuppardo** is an individual and was an employee of **A SERVICE CAB CO INC. (hereinafter referred to as SERVICE CAB)** and both residing at the City of Metairie, Parish of Jefferson, State of Louisiana, in the Eastern District of Louisiana.

7.     Defendant **A SERVICE CAB CO., Inc.** is domiciled and doing business at its mains office at 624 Carmenere Dr., Kenner, La. 70065 located in the Parish of Jefferson, State of Louisiana, is a Louisiana corporation in good standing sui juris residing in the Eastern District of Louisiana within this courts jurisdiction.

8.     Defendant's cab driver employee **EULA PITTS** has been residing at 11423 Curran Blvd., N.O., La.70128, in   N.O. East in the jurisdiction of the Eastern District Court of Louisiana. Yet she falsely certified her and children lived in a false Pearl River, La. address for a taxi to take her children to speech therapy on Barrow St., Houma, La. Eula Pitts was acting in the course and scope of her employment with the knowledge of **Service Cab**.

9.     Defendant's cab driver **KATRINA VARNADO** residing at 1229 Jung Blvd., Marrero, La. 70072, in the Parish of Jefferson, State of Louisiana in the jurisdiction of the Eastern District Court of Louisiana. **Katrina Varnado** was assigned all the falsified taxi trips for the **Eula Pitt's** children that were falsely billed. **Katrina Varnado** who was acting in the course and scope of her employment with the knowledge of **Service Cab**.

10.    Defendant's manager **TOMMY ZORTHIAN**, 401 Cressionne Dr., New Orleans, La. 70123 was a service manager at **SERVICE CAB**, and agent for **SERVICE CAB**, and is domiciled in the City of New Orleans, Parish of Orleans, State of Louisiana in the jurisdiction of the Eastern District Court of Louisiana who was acting in the course and scope of his employment with the knowledge of **Service Cab**.

11.    Defendant's cab drivers **EULA PITTS, KATRINA VARNADO, TOMMY ZORTHIAN, manager BRITTANY ZORTHIAN, manager and A SERVICE CAB CO INC.** jointly acted together to falsely bill the **United Stated Government** and **State of Louisiana** Medicaid Programs as follows:

12. **Madelyn Zuppardo** attaches here to an 11/17/14 order for **A Service Cab Co, Inc.**, is attached. P-1, P-2 which was attached to her letters to the U.S. Attorney in Washington D.C. and New Orleans and the F.B.I. in New Orleans attached hereto. (P-3, P-6).

13. This taxi fare was false and paid by Logisiticare (a/k/a now Amerigroup now that handles Medicaid in La.), which for Logisticare Medicaid for Eula Pitts' children to supposedly go to speech therapy, which they did not in fact go to. The false taxi fare charged by **A SERVICE CAB CO INC.** falsely to Logisticare and Amerigroup is funded by the U.S. Government and State of Louisiana Medicaid programs which were defrauded due to the Defendants false billing and false invoices.

14. Two **Service Cab** drivers **Katrina Vernardo and Eula Pitts of Service Cab** were falsely billing and defrauding the U.S. Government, State of Louisiana and Logisiticare and Amerigroup Medicare for more than 2 years. **Tommy Zorthian** as Office Manager was making sure that Cab Number 49 of **Katrina Varnardo** got assigned to **Eula Pitts** children. The excuse was made it was being done because the **Eula Pitt's** children did not like white (Caucasian) people. However, the stepfather of **Eula Pitts** is Caucasian.

15. **Madelyn Zuppardo** worked for **A Service Cab Co Inc.** as a cab driver and **Madelyn Zuppardo** just happened to get a Service Cab charge ticket by mistake by Brittany Zorthian, a clerk at **Service Cab**, the owner Richard Zorthian's daughter on 11/17/14. **A Service Cab Co, Inc.** is owned by Richard Zorthian. Defendant **Eula Pitts** driver of Cab No. 28 and then changed to cab No. 88. Eula Pitts No. 88 called in an order into Logisticare, then **Katrina Varnado** picked children up supposedly and falsely billed the U.S. Government and State of Louisiana. **Katrina Varnado** filled out false trip tickets and turned the false trip tickets in for cash with knowledge of all the Defendants. Eula Pitts phone is Ph. 561-209-- - - -  but she lives

5

in N.O. East which has a 504 area code. Eula Pitts was calling in to Logisticare for her children for her employer **A Service Cabs Co Inc.** Eula Pitts was fraudulently putting orders for pickup by cabs thru **A Service Cab Co. Inc.** at a false address namely 64096 Mangano Rd., Pearl River, La. 70452 to 1134 Barrow St. Houma, La. 70360. The **Eula Pitt's** children were never transported to Pearl River or Houma to knowingly defraud the U.S. Government, State of Louisiana, Logisticare, Amerigroup and Medicaid by falsely billing the U.S. Government, State of Louisiana and Logisticare and Amerigroup.

16. The address **Eula Pitts** used of 64096 Mangano Rd. is an empty trailer and a fraudulent address and she never lived there with her children. **Eula Pitts** children live in N.O. East and go to school in N.O. East and not in Pearl River, La. Eula Pitts with the aid of the other Defendants, defrauded the U.S. Government, State of Louisiana, the Medicare program and Logisticare and Amerigroup. Each of **Eula Pitts** children has a different last name as follows: Brandon Pitts, Milton Matthews, Maureen Scott and Joshua Pitts. Logisticare failed to pick up the Medicaid fraud due to the children having differing last names and would have not found out about the fraud but for **Madelyn Zuppardo** reporting the Medicaid fraud scheme of Defendants. There has been no media coverage of the false acts of Defendants and **Madelyn Zuppardo** is a first hand witness to the events and the original reporter of the fraud of Defendants.

17. **Eula Pitts** improperly did a separate ticket for each of four children thru **Service Cab** when the children went to the same false location and rode together in one cab but she wrote 4 tickets. **Katrina Vernardo** and **Eula Pitts** are believed to be related according to Brittany Zorthian.

6

18. **Eula Pitts** children had different names including Maureen Scott, Milton Matthews, Brandon Pitts, Joshua Pitts, which is one reason Logisticare Medicaid did not pick up the fraud.

19. **Eula Pitts** falsely state and billed that she was doing trips for speech therapy to 1134 Barrow S. Houma, La 70360 for her children who never were treated there for medical conditions or speech.

20. The children of **Eula Pitts** were not going to the doctor there in Houma for speech therapy

21. The children of **Eula Pitts** do not live at that address in Pearl River as go to Fannie C. Williams school in N.O. East and the children actually live at 11423 Curran Blvd. N.O., La. 70128.

22. **Eula Pitts** had **Katrina Varnado** of **Service Cab** make four trips a week at $9728 a week. Each cab ride was $608.80 times 4 kid in the same cab $2432 times 4 times a week $9728 week. $38,912 a month thru Service Cab billing Medicaid.

23. **Service Cabs** got 20-30% for the fraudulent charges. Eula Pitts and Katrina Varnado are believed to had split the illegal money obtained thru fraud from Logisticare, the U.S. Government, State of Louisiana and Medicaid. **Service Cab** got about 20-30% of the $912,000 or more fraudulently billed to the U.S. Government, State of Louisiana, Logisticare and Medicaid.

24. **Madelyn Zuppardo** got the trip call by mistake on 11/17/14 and **Eula Pitts** threatened **Brittany Zorthian** office manager with bodily harm and she would blow up **Service Cab.** Other office persons at **Service Cab** knew because they tried to make sure only **Katrina Varnado** got all the tickets for Eula Pitts children to enable Defendants to falsely charge the U.S Government, State of Louisiana, Logisticare, Amerigroup and Medicaid.

7

25. **A Service Cab Inc.** allowed Eula Pitts to falsey bill Medicaid for trips that were false charges.

26. **A Service Cab Inc.** billed and knowingly falsely invoice Logisticare the agent for the U.S. Government Medicare and Medicare programs which Petitioner complained of and was told she was not to discuss the illegal false biling acts and would be terminated if she took any action to report it.

27. The fiancé of **Eula Pitts** is Kenny Bosch, Sr. who knew of the fraud as Eula Pitts bought him a lawn company, a house next to Eula Pitts mother on Curran Blvd. and a truck in one year with her ill gotten Medicaid fraud billing.

28. Trip tickets numbers fraud 01-193172 for AB leg for Brandon Pits for Dec. 1, 2014O0-193167 for Milton Matthews that was a false charge is attached as Exhibit P-4 and was copied from manifests of Service Cab. The manifests for Logisticare orders are actual manifests for the fraudulent Logisticare orders by **Eula Pitts** and **Katrina Varnado**. **Katrina Varnado** lives at 1229 Jung Blvd., Marrero, La. 70002. **Eula Pitts** address is 11423 Curran Blvd., New Orleans, La. 70128 or next-door to that. Here mother lives next to here. After F.B.I. agents and Logisticare began to question employees, employees at **Service Cab** destroyed documents to cover the fraud.

29. Defendant **Katrina Varnado**, driver of Service Cab No. 49 was knowingly collecting false tickets and doing false runs to knowingly defraud the U.S. Government, State of Louisiana government, Logisticare by supplying false invoice to them.

30. **Katrina Varnado** is now working there at United Cab. **Katrina Varnado** filled out false tickets and was suppose to pick the children of **Eula Pitts** up at the false address in Pearl River, La.

31. **Katrina Varnado** and **Eula Pitts** split the falsely obtained money. **Service Cabs** got 30% of the false charges by the actions of the manager **Tommy Zorthian**.

32. **Amerigroup and Logisticare** are one of the providers who also handles Medicare payments and that got the false bills and invoices from the false cab trips of **Eula Pitts** and **Katrina Varnado**.

33. **Madelyn Zuppardo** reported the U.S. Government, State of Louisiana, the F.B.I. State Attorney General and Logisticare the fraud and false billing of all Defendants including **Eula Pitts, Katrina Varnado and Service Cab** to Medicaid and Logisticare thru Billy Freeman on about 11/19/14 or 11/20/14 and thereafter. **Madelyn Zuppardo** obtained the other tickets later showing the false charges and reported these to Logisticare and Petitioners. Petitioner was then retaliatied agasint as per the affidavits of Dawn Greening Exhbit P-7 and Trudy Britton Exhibit P-8 attached hereto and made a part hereof. Brittany Zorthian fired Madelyn Zuppardo on March 6, 2015 telling Madelyn Zuppardo "you should have never spoke to the FBI about the Logisticare account, that is was Service Cab Business" and "she had no right to tell them anything" and **"if she would have kept her mouth shut and she would not have talked to them, she would still be going on Logisticare runs"**, and **"she would have never have gotten her orders taken away and she would still have a job." Brittany Zorthian** also said the day she terminated Madelyn Zuppardo **"all Madelyn Zuppardo had to do was to keep her mouth shut".** Madelyn Zuppardo was charged for an accident that was not her fault which it never did for other drivers according to Trudy Britton who worked there for 3 years. Madelyn Zuppardo worked at SERVICE CAB for 9 years until termination on March 6, 2015 in Jefferson Parish, La.

34. **Tommy Zorthian and Brittney Zorthian** the office managers of **Service Cab** knew of this fraud and false billing of the U.S. Government and State of Louisiana as **Service Cab** made sure one driver, **Katrina Varnado** got the orders for the false trips it fraudulently billed for. **Madelyn Zuppardo** is a first hand reporter and original

9

source who reported the Medicaid fraud when she got trip tickets for **Eulla Pitt's** children for false cab trips by mistake and discovered the fraud going on against the **U.S. Government, State of Louisiana,** Medicaid, Medicare, Amerigroup and Logisticare.

35. This fraud and false billing of the **U.S. Government, State of Louisiana,** Medicaid, and Logisticare was going on for over 2 years with false billing over $912,000 in fraud charges falsely billed.

36. After the fraud was reported by **Madelyn Zuppardo, Service Cab** got a call from Logisticare (Amerigroup) after Madelyn Zuppardo reported the fales billings by **SERVICE CAB** about the fraud and **SERVICE CAB** finally stopped the charges from **Eulla Pitts**.

37. The whole fraudulent scheme of all Defendants was discovered on 11/17/14 as per Exhibit P-4 when **Brittany Zorthian** assigned **Madelyn Zuppardo** the order from Maureen Scott. **Brittany Zorthian** told **Eula Pitts** that she had to spread out the cab assignments for her children to other drivers when she handed the P-4 ticket to **Madelyn Zuppardo**. That is when **Madelyn Zuppardo** heard **Eula Pitts** tell **Brittany Zorthian** she would take her (**Eula Pitt's**) Logisticare account charges to United Cab, and she would make sure **Brittany Zorthian** "**would end up in a body bag, and she would blow Service Cab up**".

38. **Eula Pitts** also filed fraudulent Medicare charges for cabs for O'Dell Peters who live in Angie, La. and she threatened to take the account away unless **Ulla Pitts** picked him up.

39. Payment sheets from Service Cab, Inc. shows 21 tickets for **Katrina Varnado** in one week. Other payment sheets show 22 tickets for **Katrina Varnado**.

40. Exhibit P-2 shows **Katrina Varnado** in Cab Number 49 and **Eula Pitts** in Cab Number 88.

41. Tickets show **Katrina Varnado** in Cab Number 49 and **Eula Pitts** is no longer on the roster for Service Cab after a Logisticare employee began to question the many false charges leading Service Cab to believe Petitioner had reported the false invoices to federal and state government agencies, Logisticare, agent for Medicaid and law enforcement.

42. **SERVICE CAB** knew these false trip sheets, bills and false certifications were false billing, illegal, immoral and improper as practices. **SERVICE CAB** and **Defendants** not only falsely certified invoices and certificates but also **Eula Pitts and Katrina Varnado** knowingly falsified that it had made taxi trips that were medically unnecessary from false points of origin to false destinations, supposedly for medical services. **Service Cab** knew this and its managers allowed it to continue.

43. The falsified documents included: false trip ticket and invoices sent to Amerigroup and **Logisticare as agents for the U.S Government Federal and State of Louisiana** Medicaid Programs and other documents that were all knowingly falsified by **SERVICE CAB,** the above named Defendants and its mangers, employees.

44. **COUNT TWO. STATUTORY DAMAGES UNDER FEDERAL LAW FOR RETALIATION UNDER 31 U.S.C. 3730(h) et al**

45. **Petitioners** repeats and re-alleges each and every allegation of the above paragraphs of this Complaint, and incorporates them by reference here as if set forth at length.

46. By reason of the sham nature of **Defendants** falsification of billings and taxi trips billed to Medicaid **Petitioners Madelyn Zuppardo, the State of Louisiana and the United States of America** are entitled to damages for mental anguish, humiliation, wrongful termination in

11

retaliation for report false claims by **SERVICE CAB** and its employees arising out of her complaining and reporting to law enforcement the falsification for each trip ticket, invoice and billing to Petitioners including, for mental anguish, humiliation, wrongful termination costs, reinstatement, 2 times the back pay and compensation for special damages, litigation costs. attorney fees, judicial interest and all other equitable relief.

47.     **Petitioner Madelyn Zuppardo** reported violations by **Defendants** of Medicaid rules, false billing by Defendants, false billing to the U.S Government and State of Louisiana Louisiana prior to being terminated on March 6, 2015 and **Petitioner Madelyn Zuppardo** was the original source for the information to the federal and state government which Defendant accused her of doing and for that reason cut her jobs assigned and terminated her.

48.     Employees of **Service Cab**, especially **William Kenneth Taves**, **threatened Madelyn Zuppardo** with bodily harm, reduced her duties, and tried to hit her with a taxi in Kenner, La. in violation of state and federal law. A police report was filed for the assault with a cab/taxi by petitioner. Madelyn Zuppardo pointed out none of the cab drivers were issued IRS 1099 forms as required by law and many were not filing income tax returns. Also **Madelyn Zuppardo** complained about the illegal false billing by some **SERVICE CAB** drivers with managements consent. For speaking out and reporting to authorities the illegal acts she was retaliated agaisnt and one cab/taxi driver tried to hit her with a cab/taxi.

49.     **Madelyn Zuppardo**, refused to participate in the illegal **Defendants** acts under Louisiana state and federal law and refused to be part of the fraud, deceit and misrepresentations to Logisticare**,** the **U.S. Government and State of Louisiana** for false Medicaid billings.

50.     **Madelyn Zuppardo** furnished detailed information to the U.S. Government and sworn affidavits regarding the systematic false invoicing, false certifications and false billing by

**Defendants. Defendants** false documentation they furnished to **Logisticare and Americare**, as set forth above constituted a violation of the **Federal False Claims Act, 3 U.S.C. §3729 et seq. as amended** as well as **18 U.S.C. 1347, et seq., 42 U.S. C. 1359 (h)(6) and 42 U.S.C. 1320a-7(b).** as well as violations of Louisiana State Medicaid Fraud as set out in the **Louisiana Medical Assistance Programs Integrity Law La. R.S. 46:437.1 et al, La. R.S. 46:438.1 et al, La. R.S. 46:438.4 et al.**

51. **WHEREFORE**, plaintiff's demands judgment against **Defendant's** for compensatory damages mental anguish, humiliation, wrongful termination costs, reinstatement, 2 times the back pay and compensation for special damages, litigation costs. attorney fees, judicial interest and all other equitable relief.

## COUNT TWO
## FRAUD/FRAUDULENT MISREPRESENTATION (STATE LAW) and LOUISIANA STATE WHISTLEBLOWER LAW

52. **Madelyn Zuppardo** repeat and re-alleges each and every allegation of the above paragraphs of this Complaint, 1-51 and incorporates them by reference in as if set forth at length.

53. In entering into the various transactions Defendants all knew about the false claims and certifications made to **Logisticare, Amerigroup, the State of Louisiana** and the **United States Government** and knowingly made fraudulent misrepresentations to **Logisticare, Ameritech, the State of Louisiana** and the **United States Government** which **Defendants** knew would be made to mislead the **Logisticare, Amerigroup, the State of Louisiana** and the **United States Government.** Those misrepresentations were false and fraudulent, and were made with the intention that **Logisticare, Amerigroup, the State of Louisiana** and the **United States Government** rely on them in entering into the contractual relationships on own behalf and on behalf **Logisticare, Amerigroup, the State of Louisiana** and the **United States Government**.

13

**Logisticare, Amerigroup, the State of Louisiana** and the **United States Government**, in fact, rely on Defendants false certifications, false representations, false statements, false billing and false invoices, to **Logisticare, Amerigroup, the State of Louisiana** and the **United States Government** causing great financial injury and damages. **Madelyn Zuppardo** furnished detailed information on the false claims of **Defendants** and furnished to federal agencies and law enforcement original information she gathered first hand from her employment at **Service Cab.**

## COUNT THREE
**Violations of Louisiana Medical Assistance Programs Integrity Law La. R.S. 46:437.1 et al, La. R.S. 46:438.1 et al, La. R.S. 46:438.4 et al.**

54.     **Petitioners** repeats and re-alleges each and every allegation of the above paragraphs of this Complaint, and incorporates them by reference here as if set forth at length.

55.     **Louisiana Medical Assistance Programs Integrity Law La. R.S. 46:437.1 et al, La. R.S. 46:438.1 et al, La. R.S. 46:438.4 et al.** prohibits retaliating for false billing, expenses, costs, fees and attorney fees for illegal retaliation by whistleblowers like Petitioner by Defendants as set out in detail above as set out in **Louisiana Medical Assistance Programs Integrity Law La. R.S. 46:437.1 et al, La. R.S. 46:438.1 et al, La. R.S. 46:438.4 et al.**

56.     Defendants knowing falsely billed and schemed to share in the ill gotten false billing of the state Medicaid and Medicare programs in Louisiana administered by Logisticare and Amerigroup for the State of Louisiana.

57.     Defendants made false trip sheets, invoices, bills and records as set out above to falsely bill Medicare and Medicaid.

58.     Defendants conspired to defraud the medical Medicaid and Medicare programs of the State of Louisiana as set out above and shared the ill gotten proceeds from the false billing.

Petitioner reported said illegal acts under state law to the La. Attorney General and law enforcement and was terminated in retaliation.

59.     Defendants knowingly submitted false claims and bills for taxi trips for **Eula Pitt's** children to false locations and from false locations to inflate the bill for taxi trips made by **Katrina Varnado** with the participation of **Tommy Zorthian** and with the knowledge of **Service Cab.**

60.     The taxi trips for **Eula Pitt's** children were medically unnecessary and false and fabricated to falsely bill Medicaid and Medicare.

61.     Defendants obtained payments for false claims for false taxi fares for false taxi trips **Eula Pitt, Katrina Varnado** made with the participation in the fraud of **Tommy Zorthian** and **Service Cab** who all profited from the false billing of Medicaid and Medicare.

        **WHEREFORE,** plaintiff's demands judgment against Defendants for compensatory and punitive damages, statutory penalties, attorney fees, plus costs of suit under state law.
The acts set forth above constituted a violation of the **Federal False Claims Act, 3 U.S.C. §3729, 3 U.S.C. §3730 and  et seq. as amended and  the Louisiana Medical Assistance Programs Integrity Law La. R.S. 46:437.1 et al, La. R.S. 46:438.1 et al, La. R.S. 46:438.4 et al.**

62. Defendants also violated **La.R.S. 23:967 et al** and petitioner pleads for damages under the Louisiana Whistleblower Act La. R.S. 23:967 as Petitioner was terminated for reporting illegal acts under state law of violation of **the Louisiana Medical Assistance Programs Integrity Law La. R.S. 46:437.1 et al, La. R.S. 46:438.1 et al, La. R.S. 46:438.4 et al.** (See Exhbit P-8 attached verifying Madely Zuppardo was terminated by manager Brittany Zorthian "for not

keeping her mouth shut" and reporting false billing to Medicaid and Medicare acts by **SERVICE CAB** to government agencies and law enforcement.

63. Plaintiffs pray for trial by jury on all issues of law and fact.

**WHEREFORE**, plaintiff's demands judgment against **Defendant A Service Cab Co Inc.,** for compensatory damages mental anguish, humiliation, wrongful termination costs, reinstatement, 2 times the back pay and compensation for special damages, litigation costs.

attorney fees, judicial interest and all other equitable relief.

such other relief, attorney fees, plus costs of suit

Petitioner prays that Petitioner receive any and all relief, both at law and in equity, to which she may reasonably appear entitled;

Petitioner prays that the Court order such other relief as appropriate.

Date: March 4, 2016

Submitted by:

S Glenn C. McGovern

Respectfully Submitted:
Glenn C. McGovern (Bar #9321) Attorney & Counselor at Law
2637 Edenborn Avenue,
Suite 101 Metairie, Louisiana 70002
Mailing Address:

P.O. Box 516
Metairie, Louisiana 70004-0516
Telephone: (504) 456-3610
Facsimile: (504) 456-3611
Email: gcmcg@mac.com
Attorney for Petitioners Madelyn Zuppardo

## Please issue summons to:

**1.** **A SERVICE CAB CO. INC.**
**Thru its registered agents:**
 **Richard Zorthian**
**624 Carmenere Dr.**
**Kenner, La. 70065 and**

**2.** **Its registered agent**
**Doris Zorthian**
**624 Carmenere Dr.**
**Kenner, La. 70065**