**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

ZUPPARDO                                              CIVIL ACTION

VERSUS                                                NO. 16-1914

SERVICE CAB CO., INC.                                 SECTION: "G" (3)

## ORDER

Before the Court is Defendant Service Cab Co., Inc.'s ("Defendant") "Motion to Stay,"[1] wherein Defendant seeks to stay the instant proceeding pending the outcome of the criminal proceeding against it.[2] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

On March 4, 2016, Plaintiff Madelyn Faveros Zuppardo ("Plaintiff") filed the instant action alleging that Defendant terminated her employment as a cab driver because she reported violations of federal and state Medicaid and Medicare laws to federal and state law enforcement authorities.[3] On June 8, 2016, the State of Louisiana indicted Defendant on two counts of conspiracy to commit theft by fraud and eleven counts of theft by fraud.[4] On July 11, 2016, Defendant filed the instant

---

[1] Rec. Doc. 19.

[2] *Id.* at 1.

[3] Rec. Doc. 1 at 3.

[4] Rec. Doc. 19-2.

1

motion to stay the litigation pending the outcome of the criminal proceeding.[5] On July 22, 2016, Plaintiff filed an opposition to the motion.[6] On August 3, 2016, with leave of Court, Defendant filed a reply in further support of the motion to stay.[7]

## II. Parties' Arguments

### A.    *Defendant's Arguments in Support of the Motion to Stay*

In its motion, Defendant asserts that the Court has inherent authority to stay a civil matter pending the outcome of parallel criminal proceedings.[8] According to Defendant, in making this decision, courts measure the relative weights of the parties' interests.[9] Defendant contends that the relevant factors weigh in favor of a stay in this case.[10] Defendant asserts that the most important factor to consider is the degree to which the criminal and civil proceedings overlap and that there is significant overlap in this case.[11] Therefore, according to Defendant, it will be forced to either waive its Fifth Amendment rights in the criminal action or essentially forfeit the civil action "through the adverse inference that will be drawn from its invocation of the privilege."[12]

Defendant argues that the second factor, the status of the criminal case, also weighs in favor of staying the case, because Defendant has been indicted.[13] According to Defendant, a stay is more

---

[5] Rec. Doc. 19.

[6] Rec. Doc. 20.

[7] Rec. Doc. 24.

[8] Rec. Doc. 19-1 at 1.

[9] *Id.* at 3 (citing *Wehling v. CBS*, 698 F.2d 1084, 1089 (5th Cir. 1979).

[10] *Id.* (citing *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 74 (W.D.N.Y. 2003); *Waste Mgmt. of Louisiana, LLC v. River Birch, Inc.*, 2012 WL 520660 (E.D. La. 2012)).

[11] *Id.* at 3–4.

[12] *Id.* at 4.

[13] *Id.*

appropriate when a defendant has been indicted, because the risk of self-incrimination is heightened.[14] Defendant next contends that the third factor, prejudice to Plaintiff, does not weigh significantly against a stay, because the only prejudice at this point would be delay of resolution of her claim.[15] According to Defendant, the Court could ameliorate any prejudice by revisiting the stay and lifting it should the passage of time become too problematic.[16] Defendant argues that the fourth factor, prejudice to the defendant, weighs in favor of a stay, because civil discovery would place Defendant in the position of choosing between its Fifth Amendment rights and defending against Plaintiff's claim.[17]

Finally, Defendant argues that the fifth factor, the interest of the court, and the sixth factor, the public interest, weigh in favor of a stay.[18] Defendant asserts that this civil case is in its nascent stages and that moving forward while the criminal case is pending could result in difficult discovery and the need for court intervention.[19] Moreover, although there is some public interest in every civil action, Defendant argues, there is greater public interest in the criminal proceeding.[20] Defendant argues that because all of the factors to be considered weigh in favor of a stay or are at worst neutral, the Court should stay this matter pending the outcome of the criminal proceeding.[21]

---

[14] *Id.* at 4–5.

[15] *Id.* at 5.

[16] *Id.*

[17] *Id.* at 6.

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.*

**B.      *Plaintiff's Arguments in Opposition to the Motion to Stay***

In opposition, Plaintiff argues that the constitution does not require a stay of civil proceedings pending the outcome of criminal proceedings.[22] Plaintiff represents that the Fifth Circuit has held that the simultaneous prosecution of civil and criminal actions is generally unobjectionable.[23] Plaintiff contends that the United States Supreme Court has held that unlike private individuals, corporations have no privilege against self-incrimination.[24] Plaintiff further argues that there is no need for a stay based on the factors to be considered when determining whether to stay civil proceedings in the face of a parallel criminal proceeding.[25]

Regarding the first factor, overlap between the two proceedings, Plaintiff asserts that the parallel criminal proceeding involves indictments of Defendant, as well as Defendant's employees.[26] Plaintiff argues that she has only brought claims against Defendant, not against Defendant's employees.[27] Moreover, Plaintiff asserts that the rights of the employees who have been indicted will not be infringed upon and that there are other officers who have not been indicted who will be available to testify in the civil matter.[28]

---

[22] Rec. Doc. 20 at 2.

[23] *Id.* at 3 (citing *SEC v. First Financial Grp.*, 659 F.2d 660, 668 (5th Cir. 1981)).

[24] *Id.* (citing *Wilson v. United States*, 221 U.S. 221 361, 384 (1911)).

[25] *Id.* at 4.

[26] *Id.*

[27] *Id.* at 5.

[28] *Id.*

Next, Plaintiff argues that she has already suffered undue delay in the litigation of this action.[29] She asserts that Defendant has yet to file a response to Plaintiff's Complaint and that a stay would only continue to cause undue delay.[30] Plaintiff further argues that the fact that Defendant was indicted on June 8, 2016, is irrelevant, because as a corporation, it does not share the same Fifth Amendment protection against self-incrimination that an individual or officer does.[31] Regarding the third factor, Plaintiff asserts that she will face prejudice if the action is delayed, because Defendant may expend a great deal of money defending the criminal prosecution and might face a significant fine, which will decrease Plaintiff's likelihood of recovery.[32] Plaintiff asserts that Defendant filed this motion as a means of delaying a speedy resolution of the matter and that Plaintiff "should not have to suffer because of Defendant's criminal activity."[33]

Plaintiff next argues that the fourth factor, the burden on the Defendant, is irrelevant because a defendant corporation cannot assert the Fifth Amendment privilege.[34] Plaintiff asserts that there are several owners/managers of Defendant who have not been indicted and are available to testify and produce papers.[35] Finally, Plaintiff argues that the final factors pertaining to the interests of the court and the public weigh against granting a stay in this matter.[36] According to Plaintiff, the argument that denial of a stay will burden the Court with claims of privilege in

---

[29] *Id.*

[30] *Id.*

[31] *Id.* at 6 (citing *Hale v. Hankel*, 201 U.S. 43 (1906)).

[32] *Id.* at 9.

[33] *Id.*

[34] *Id.*

[35] *Id.* at 9–10.

[36] *Id.* at 10.

response to discovery requests fails because a defendant corporation is not able to assert the Fifth Amendment privilege.[37] Moreover, Plaintiff asserts that judgment against Defendant will act as a deterrent to future violations.[38] Plaintiff further argues that granting a stay would go against the public's interest in the swift administration of justice.[39] Plaintiff avers that based on all of the factors, the Court should deny Defendant's request for a stay.[40]

## C.    *Defendant's Reply in Further Support of the Motion to Stay*

In its reply, Defendant acknowledges that a company does not have a privilege against self-incrimination.[41] However, Defendant argues that the conflict between a defendant's ability to exercise the right against self-incrimination and the right to defend against a civil action is only one of the factors to be considered when determining whether a stay is appropriate.[42] According to Defendant, it is a small family owned company, and all of the individuals who could possibly speak on behalf of the company are themselves potentially subject to criminal indictment.[43] Moreover, Defendant asserts that the State of Louisiana has seized thousands of documents and that there is no guarantee that it will be able to provide discovery responses as a result.[44] Thus, Defendant argues that at this juncture, its defense is critically compromised.[45] Defendant also

---

[37] *Id.*

[38] *Id.*

[39] *Id.* at 11.

[40] *Id.*

[41] Rec. Doc. 24 at 1.

[42] *Id.*

[43] *Id.*

[44] *Id.*

[45] *Id.* at 2.

acknowledges that the individual employees who have been indicted are not named in Plaintiff's suit but argues that those individuals' assertion of the Fifth Amendment privilege will make it impossible for Defendant to depose them.[46] According to Defendant, the interests of these employees are properly considered in this analysis.[47]

Next, Defendant argues that Plaintiff offers no authority for the proposition that her right to recovery from Defendant should be considered equal or more important than the right of the government to prosecute.[48] Defendant argues that every plaintiff bears the risk that a recovery will be uncollectible if the defendant does not have the resources to pay a judgment.[49] Defendant avers that it may be assisted in remaining economically viable by the cessation of activity in one of the lawsuits and the spreading of costs over time.[50] Defendant maintains that it terminated Plaintiff for lawful reasons but that Plaintiff has "plead her claim in a way so as to try to make all the facts underlying the criminal proceeding, and all the indicted individuals, part and parcel of this lawsuit."[51] Defendant argues that it will create "incredible prejudice" if and when no individual is willing to testify.[52] Defendant asserts that it would be open to the Court reconsidering this issue periodically to allow the Court to consider developments in the criminal proceedings that could impact the continuation of a stay.[53]

---

[46] *Id.*

[47] *Id.* (citing *White v. Mapco Gas Prods., Inc.*, 116 F.R.D. 498, 503 (E.D. Ark. 1987)).

[48] *Id.*

[49] *Id.*

[50] *Id.* at 3.

[51] *Id.*

[52] *Id.*

[53] *Id.*

## III. Law and Analysis

### A.    Legal Standard

There is no question that a district court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,"[54] and that this authority includes the district court's wide discretion to grant a stay in a pending matter.[55]  When "the interests of justice seem[] to require such action," a court may exercise its discretion to stay civil proceedings, postpone discovery, or impose protective orders and conditions.[56] Although it is not required to do so, a district court "may stay a civil proceeding during the pendency of a parallel criminal proceeding,"[57] or "until the criminal case or the likelihood of a criminal case is ended."[58] Therefore, although "[t]he simultaneous prosecution of civil and criminal actions is generally unobjectionable,"[59] a stay of a pending civil action may be appropriate "when there is a real and appreciable risk of self-incrimination."[60]

Whether to stay a civil action pending resolution of a related criminal proceeding is a matter left to the court's discretion,[61] and the Fifth Circuit has determined that such a stay may be warranted where "special circumstances" exist such that a party would suffer substantial and

---

[54] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[55] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

[56] *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *see also*, *Mayo v. Tri-Bell Indus.*, 787 F.2d 1007, 1012 (5th Cir. 1986).

[57] *S.E.C. v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981).

[58] *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007) (citing *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996))).

[59] *First Fin. Grp.*, 659 F.2d at 667.

[60] *Kordel*, 391 U.S. at 8–9.

[61] *Id.* at 12 n.27.

irreparable prejudice otherwise.[62]  The "mere possibility of prejudice" to the criminal defendant arising from discovery in the civil case does not necessarily warrant a stay.[63]  The burden to show that a stay is warranted rests on the movant,[64] and in determining whether a civil action should be stayed due to a criminal matter, courts within the Fifth Circuit have looked to six factors.[65]  These factors are:

1.      The extent to which the issues in the criminal case overlap with those presented in the civil case;

2.      The status of the criminal case, including whether the defendant has been indicted;

3.      The private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay;

4.      The private interests of and burden on the defendant;

5.      The interests of the courts; and

6.      The public interest.[66]

The Court will address each of these factors in turn to determine whether a stay is appropriate in this case.

---

[62] *First Fin. Grp.*, 659 F.2d at 668; *see also United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983).

[63] *In re Ramu Corp.*, 903 F.2d at 320.

[64] *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982); *Drummond v. Fulton Cty. Dep't of Family & Children's Servs.*, 532 F.2d 1001, 1002 (5th Cir. 1976).

[65] *See Tajonera v. Black Elk Energy Offshore Operations, LLC*, No. 13-366, 2015 WL 893447, at *9 (E.D. La. Mar. 2, 2015) (Brown, J.) (citing *Alcala v. Tex. Webb Cty.*, 625 F.Supp.2d 391, 399 (S.D. Tex. 2009) (collecting district court cases within the Fifth Circuit applying this test); *see also Lebouef v. Global X-Ray and Testing Corp.*, No. 07-5755, 2008 U.S. Dist. LEXIS 6470, at *4 (E.D. La. Jan. 29, 2008) (Barbier, J.) ("To determine whether special circumstances exist, the court must 'balance the competing constitutional and procedural interests of the parties,' as illustrated through the six-factor test . . . .") (citation omitted)).

[66] *Id.* (internal citation omitted).

**B.**      *Analysis*

**1.**      **Extent of Overlap between Civil and Criminal Cases**

Where there exists overlap between the civil and criminal proceedings, courts often feel compelled to grant a stay.[67] Indeed, some courts have found that "the similarity of the issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay."[68] Overlap between the civil and criminal proceedings is an important factor specifically because such overlap increases the risk of a defendant's self-incrimination in civil proceedings.[69]

In her civil action,[70] Plaintiff alleges that she was wrongfully terminated in retaliation for reporting Defendant's alleged state and federal Medicaid false billing in violation of 31 U.S.C. § 3730 and Louisiana whistleblower protection laws.[71] In the criminal proceeding, Defendant has been indicted with two counts of conspiracy to commit theft by fraud and eleven counts of theft by fraud.[72]

Plaintiff brings claims under both federal and state whistleblower statutes, each of which has distinct requirements.[73] To prevail on her claim under 31 U.S.C. § 3730(h), Plaintiff does not have to prove an actual violation of the law and must simply show (1) that she engaged in protected activity, (2) that her employer knew about the protected activity, and (3) that she was retaliated

---

[67] *Id.* (internal citation omitted).

[68] *Id.* (quoting *Dominguez v. Hartford Fin. Servs. Grp.*, 530 F.Supp.2d 902, 906–07 (S.D. Tex. 2008)).

[69] *Id.* (internal citation omitted).

[70] *See* Rec. Doc. 1.

[71] *See* La. Rev. Stat. § 46: 440.3; La. Rev. Stat. § 23:967.

[72] *See* Rec. Doc. 19-2 at 1.

[73] *See* Rec. Doc. 1 at 1, 13.

against because of her protected activity.[74] However, under Louisiana Revised Statute § 23:967, which provides protection from reprisal against an employee who discloses that the employer is in violation of the law, a plaintiff "must prove an actual violation of state law, not just a good faith belief that the law was broken."[75] Similarly, under Louisiana Revised Statute § 46:440.3, which provides whistleblower protection and a cause of action for employees who engage in activities to expose fraud and abuse in medical assistance programs, a plaintiff is not entitled to recovery if the court finds that the plaintiff instituted an action that was "frivolous, vexatious, or harassing."[76] Thus, while Plaintiff's claim under federal law does not hinge on the veracity of Plaintiff's allegations of Defendant's illegal activity, Plaintiff's state law claims do.

As Defendant recognizes, the civil and criminal actions are distinct, because "one focuses on whether fraud occurred while the other focuses on whether Plaintiff was terminated for reporting that fraud."[77] Despite this significant distinction, there is still some overlap between the two actions, because in order to prevail on one of her claims under state law, it will be necessary for Plaintiff to establish an actual violation of the law by Defendant. Therefore, the Court finds that there is some overlap between the two actions and this factor weighs in favor of granting a stay. However, this factor alone is not dispositive of the issue.

---

[74] *See U.S. ex rel. Bias v. Tangipahoa School Bd.*, 816 F.3d 315, 323 (5th Cir. 2016) ("[A] plaintiff alleging injury under Section 3730(h)(1) must show (1) that he engaged in protected activity, (2) his employer . . . knew about the protected activity, and (3) he was retaliated against because of his protected activity.") (internal citation omitted).

[75] *Ricdale v. Evonik Stockhausen, LLC*, 16-178 (La. App. 5 Cir. 9/22/16), 202 So. 3d 548, 552, *writ denied*, 2016-1923 (La. 12/16/16) (citing *Ross v. Oceans Behavioral Hosp. of Greater New Orleans*,14-368 (La. App. 5 Cir. 11/25/14), 165 So. 3d 176, 180, *writ denied, Ross v. Oceans Behavioral Hosp. of Greater New Orleans*, 15-0005 (La. 3/27/15), 161 So. 3d 648).

[76] La. Rev. Stat. § 440.3(D).

[77] Rec. Doc. 19-1.

11

###   2.        Status of Criminal Proceedings

Generally, a stay of a civil case is most appropriate when a party to the civil action has already been indicted for the same conduct.[78] Here, the government has indicted Defendant on two counts of conspiracy to commit theft by fraud and eleven counts of theft by fraud.[79] Plaintiff alleges that she was wrongfully terminated in retaliation for reporting Defendant's state and federal Medical false billing.[80] Therefore, Defendant has not been indicted for the same conduct at issue in Plaintiff's action, *i.e.* unlawful termination in retaliation for Plaintiff's reporting of illegal activity. Thus, this factor weighs against the grant of a stay.

###   3.        Plaintiff's Interest

Defendant requests a stay of this matter pending the outcome of the parallel criminal proceeding.[81] Plaintiff contends that she would be prejudiced by an indeterminate delay because she is entitled to a speedy resolution of this matter and her chances of recovery will decrease if she is forced to wait until the criminal prosecution has been resolved before pursuing her civil action.[82] The Court finds that Defendant's requested stay presents a high risk of prejudice to Plaintiff, who has a strong interest in resolution of this matter. At this point, it is unclear how long the criminal proceeding may last and when it may be resolved. A complete stay of this matter would not only delay Plaintiff's case indefinitely but would also prevent her from requesting discovery from

---

[78] *See Tajonera*, 2015 WL 893447, at *9 (internal citation omitted).

[79] *See* Rec. Doc. 19-2 at 1.

[80] *See* Rec. Doc. 1 at 3.

[81] *See* Rec. Doc. 19-1 at 6.

[82] *See* Rec. Doc. 20 at 5.

Defendant and its employees—even those who have not been indicted. Therefore, the Court finds that this factor weighs against the grant of a stay.

### 4.      Defendant's Interest

Plaintiff argues that Defendant does not have a strong interest in the grant of a stay, because as a corporation, it does not have a Fifth Amendment right against self-incrimination.[83] Defendant agrees that, as a corporation, it does not have a right against self-incrimination.[84] It nevertheless argues that it will be prejudiced by the simultaneous defense of the civil and criminal proceedings, because the individuals who could speak on behalf of the company are themselves potentially subject to criminal indictment and many of the company's records have been seized by law enforcement.[85] Defendant also argues that it will be unable to present an adequate defense, because the three employees who were indicted along with Defendant, though not named as defendants in Plaintiff's civil suit, will nevertheless assert their Fifth Amendment privilege and prevent Defendant from deposing them.[86]

As an initial matter, the Court notes, and the parties agree, that Defendant, as a corporation, does not have a Fifth Amendment right against self-incrimination.[87] The Court further notes that

---

[83] Rec. Doc. 20 at 3.

[84] Rec. Doc. 24 at 1.

[85] *Id.*

[86] *Id.* at 2.

[87] *See Braswell v. U.S.*, 487 U.S. 99, 105 (1988) (citing *Hale v. Henkel*, 201 U.S. 43 (1906) ("*Hale* settled that a corporation has no Fifth Amendment privilege . . . .")). *See also Wilson v. U.S.*, 221 U.S. 361, 384 (1911) ("While an individual may lawfully refuse to answer incriminating questions . . . it does not follow that a corporation, vested with special privileges and franchises, may refuse to show its hand when charged with an abuse of such privileges."); *U.S. v. Le Beouf Bros. Towing Co., Inc.*, 537 F.2d 149, 152 (5th Cir. 1976) ("The fifth amendment privilege against self-incrimination does not extend to corporations.").

the manager who is alleged to have terminated Plaintiff has not been indicted.[88] While it is possible that some of the individual witnesses who are expected to be called in the civil matter will choose to assert their Fifth Amendment right against self-incrimination, it is far from certain that they will do so or that Defendant will be unable to fulfill its civil discovery obligations or mount a defense to the civil action without the testimony of those witnesses.[89] As Plaintiff points out, and Defendant does not dispute, there are several supervisory employees of Defendant who have not been indicted, including the manager who terminated Plaintiff.[90] Defendant has not demonstrated that those employees are likely to be indicted or even that they are under a criminal investigation. Likewise, Defendant has not shown how the unavailability of the records that it asserts were seized by law enforcement is likely to create a real risk of prejudice against it.

Although Defendant speculates that it will be hindered in its ability to present its defense against Plaintiff's civil action due to the ongoing criminal proceeding against it, it has not demonstrated a real risk of prejudice to its defense, much less "a real and appreciable risk of self-incrimination."[91] Moreover, the "mere possibility of prejudice" to the criminal defendant arising from discovery in the civil case does not necessarily warrant a stay.[92] Thus, the Court finds that this factor weighs against the grant of a stay.

---

[88] *See* Rec. Doc. 1 at 9.

[89] *Compare Waste Mgmt. of Louisiana, LLC v. River Birch, Inc.*, No. 11-2405, 2012 WL 520660, at *4 (E.D. La. Feb. 15, 2012) (Brown, J.) (finding prejudice to entity defendant where it would be left with no way to defend itself without the testimony of its principals).

[90] *See* Rec. Doc. 20 at 9.

[91] *See Tajonera*, 2015 WL 893447, at *9 (E.D. La. Mar. 2, 2015) ("[A]lthough the simultaneous prosecution of civil and criminal actions is generally unobjectionable, a stay of a pending civil action may be appropriate when there is a real and appreciable risk of self-incrimination.") (internal citations and quotation marks omitted).

[92] *In re Ramu Corp.*, 903 F.2d at 320.

### 5.       The Court's Interest

The Court has interests in judicial economy and expediency.[93] "Further, before granting a stay pending the resolution of another case, the court must carefully consider the time reasonably expected for resolution of the 'other case,' in light of the principle that 'stay orders will be reversed when they are found to be immoderate or of an indefinite duration.'"[94]

The Court has an interest in moving this case forward in an efficient manner. It is possible that the criminal proceeding could last for an extended period of time, thus delaying the efficient administration of the Court's docket. Moreover, because Defendant has only speculated that individual potential witnesses may assert their Fifth Amendment privilege against self-incrimination, it is possible that a stay would result in a needless delay of discovery that could have been conducted without issue. Thus, the Court finds that its interests are best served by proceeding with the instant action and this factor weighs against a stay.

### 6.       The Public Interest

Although the public interest in law enforcement sometimes weighs in favor of prioritizing criminal proceedings over civil matters,[95] the public also has an interest in the prompt resolution of civil cases. Here, it does not appear that the public interest would be disserved by moving forward with the civil case, and Defendant has not offered any specific reason as to why the public has an interest in staying the civil case pending the outcome of the criminal proceeding. Thus, this factor also weighs against a stay.

---

[93]  *See Tajonera*, 2015 WL 893447, at *10 (internal citation and quotation marks omitted).

[94]  *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *McKnight v. Blanchard*, 607 F.2d 477, 479 (5th Cir. 1982) (vacating an indefinite and protracted stay where the court had not weighed competing interests in ordering the stay)).

[95] *See Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).

## IV. Conclusion

For the reasons stated above, the Court finds that only one of the six factors considered on a motion to stay weighs in favor of granting a stay. On a motion to stay a proceeding, the moving party bears the burden to show that a stay is warranted.[96] Here, Defendant has failed to meet its burden to show that "special circumstances" exist such that it would suffer substantial and irreparable prejudice if a stay is not granted.[97]

Accordingly,

**IT IS HEREBY ORDERED** that the Defendant's Motion to Stay[98] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 6th  day of March, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[96] *See Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982); *Drummond v. Fulton Cty. Dep't of Family & Children's Servs.*, 532 F.2d 1001, 1002 (5th Cir. 1976).

[97] *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981).

[98] Rec. Doc. 19.

16